Robert A. BAYLY and A. Gordy Bayly,
Defendants-Appellants,

v.

Kenneth R. BETTS, Plaintiff-Appellee,

and

the Court of the Justices of the Peace
of the State of Delaware, In and For
Sussex County, Court No. 17.

Supreme Court of Delaware.

Submitted: Dec. 4, 1984.

Decided: April 22, 1985.

E. Stephen Callaway, Georgetown, for
defendants-appellants.

Richard E. Berl, Jr. of Griffin & Hackett,
P.A., Georgetown, for plaintiff-appellee.

Before HERRMANN, C.J., and McNEIL-
LY and HORSEY, JJ.

HORSEY, Justice:

This appeal involves the right of a Jus-
tice of the Peace Court judgment creditor
to seize and sell personal property of the
judgment debtor's surety on an appeal
bond following dismissal of the debtor's
appeal.

On June 8, 1983, plaintiff Kenneth R.
Betts (appellee) was awarded a judgment
of $560 and costs against defendant Robert
A. Bayly (appellant) following trial of a
trespass action in Justice of the Peace
Court of the State of Delaware, No. 17.

On June 17, 1983, defendant Bayly initi-
ated a timely appeal to Superior Court by
securing a transcript of the proceeding in
the Justice of the Peace Court and an ap-
peal bond, co-signed as surety by defend-
ant's father, A. Gordy Bayly (hereafter

"surety"), in compliance with 10 *Del. C.* § 9571.[1] However, the notice of appeal with accompanying surety bond and transcript was not timely docketed in Superior Court within the 20 days of date of allowance of the appeal, contrary to Rule 3(c) of the Superior Court Rules of Civil Procedure. On October 21, 1983, on plaintiff's motion, Superior Court dismissed defendant Bayly's appeal for lack of jurisdiction.

In November, 1983, on plaintiff's application, a writ of *fi fa* attachment was issued by Justice of the Peace Court No. 17 and levy was made on certain goods and chattels of the surety, for sale to satisfy plaintiff's judgment against defendant. Following hearing on motion of surety to quash the levy, the motion was denied and the levy was sustained. The Court reasoned that 10 *Del. C.* § 9572 was the "only" applicable statute; and because defendant had failed to prosecute the appeal with effect, "therefore both defendant and surety are liable in the execution process."

■ On petition of both defendant and surety for writ of certiorari to Superior Court, the Court affirmed the judgment of the Justice of the Peace Court. The Court improperly failed to state the reasons for its decision and merely adopted various arguments of the appellee. This practice of the Court has been previously criticized and has resulted in the vacating of a judgment and remand. *See B.E.T. v. Board of Adjustment of Sussex County,* Del.Supr., No. 214, 1984, Per Curiam, (Feb. 6, 1985) and the cases cited therein. However, in this case we decline to do so given the adequate record before the Justice of the Peace Court and that Court's fully reasoned decision.

On appeal to this Court, the debtor-defendant and his surety assert that both the Justice of the Peace Court and Superior Court err in finding in 10 *Del. C.* § 9572 authority to execute on the surety's assets to satisfy the judgment against defendant. We conclude that the statutory authority for execution against the surety must be more broadly stated to derive from 10 *Del. C.* § 9574(a) in conjunction with § 9572. Therefore, we affirm on a somewhat different rationale than that of the Court below.

■ Since the appeal to Superior Court did not proceed to judgment against defendant, neither § 9572, standing alone, nor § 9573[2], both of which appellants rely upon, controls this case. Therefore, no judgment could be entered against surety in Superior Court by virtue of § 9572 and the appeal bond binding surety. However, A. Gordy Bayly, by becoming surety for the defendant, subjected himself to the execution process of the Justice of the Peace Court by virtue of 10 *Del. C.* § 9574(a).[3]

1. The appeal bond essentially complied with the requirements of § 9572, which provides, in pertinent part:

   "... the said A.B. [defendant] appeals and C.D. becomes surety in the sum of ... Dollars, that the said appeal shall be prosecuted with effect and also that any judgment which shall be rendered against the said [defendant/judgment debtor] ... upon the said appeal shall be satisfied, and the said [surety] hereby authorizes and empowers the Superior Court ... to give judgment against me, the said [surety] for the same amount as shall be given against the said [defendant/judgment debtor] and such judgment, if and when entered, shall be a lien upon my real estate and may be collected and treated as any other judgment in said Superior Court."

2. 10 *Del. C.* § 9573, in pertinent part, provides:

   "(c) If a judgment is rendered against an appellant, or his executors or administrators, the Prothonotary shall enter judgment against the sureties or their executors or administrators for the amount entered against the appellant, or his executors or administrators, and as a part of the same judgment. A judgment so entered shall from that date become a lien on all of the real estate of the surety in the county, in the same manner and as fully as other judgments rendered in the Superior Court are liens, and may be executed and enforced in the same way as other judgments in that Court."

3. 10 *Del. C.* § 9574(a) provides:

   "Whenever an appeal is struck off, the justice shall, upon application of the creditor, issue execution upon the judgment with the costs on the appeal added, against both defendant and sureties, as is provided in §§ 9547 and 9548 of this title, respecting other sureties of record."

10 *Del.C.* § 9574(a) does control the instant case since the defendant's appeal to Superior Court was dismissed for lack of jurisdiction. Applying the somewhat archaic language found in § 9574(a), defendant's appeal was, in effect, "struck off"— as though no appeal had been taken. That having occurred, under the unambiguous language of § 9574, "the justice shall, upon application of the creditor, issue execution upon the judgment ... against both defendant and sureties...."

We find untenable defendant's construction of § 9574(a) as not becoming operable until an appeal to Superior Court goes to judgment. Section 9574 clearly controls execution process out of the Justice of the Peace Court following remand of a stricken appeal. Section 9574(a) becomes operable "[w]henever an appeal is struck off." The provisions of § 9574, along with § 9575, derive from § 4524 of the 1935 Code. Under § 4524, upon dismissal of an appeal for *any* reason and return of the record to the Justice of the Peace Court, "the justice shall strike off the appeal [and] [w]henever an appeal shall be so struck off, the justice shall, upon application of the creditor, issue execution upon the judgment ... against both defendant and sureties...." *Code 1935*, § 4524. *Woolley on Delaware Practice*, § 1434.

■ Appellants also seek to invoke the "abatement" provisions of 10 *Del.C.* § 9575 as controlling their appeal to Superior Court and the language of § 9575(a).[4] They suggest that Superior Court was not permitted to enter its summary order of dismissal of the appeal but instead was required to retain jurisdiction over the appeal until "the next term of the Court following the appeal." Abatement is a form of dismissal by operation of law (most commonly involving the death of a party) that has no relevance to the basis upon which this appeal was dismissed by Superi-

or Court. *See Woolley, supra,* § 1417. Hence, to the extent § 9575(a) has any relevance to current motion practice in Superior Court, it is inapplicable to a dismissal for want of jurisdiction as distinguished from a dismissal for lack of a proper party to prosecute an appeal.

■ Finally, there is no merit to surety's remaining contention that a judgment must first be entered against him in the Justice of the Peace Court before execution can issue. A. Gordon Bayly, as surety, became equally liable for Robert A. Bayly's judgment upon his execution of the court's papers as surety. While entry of a judgment in Superior Court against surety would be required for execution process to issue out of that court against surety, § 9574(a) imposes no such condition on execution of the Justice of the Peace against the surety. *See Woolley, supra,* § 1420.

Notwithstanding the foregoing, it seems fairly clear that remedial legislation with respect to 10 *Del.C.* §§ 9572 through 9575 would be in the interest of justice.

\* \* \*

Affirmed.

■

---

**4.** 10 *Del.C.* § 9575(a) provides:

"(a) If an appellant does not duly enter his appeal in the Superior Court, it shall be abated; and on production of the Prothonotary's certifi-

cate, under seal, made after the next term of the Court following the appeal, showing that it has not been regularly entered, the justice of the peace shall strike off the appeal."